UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VICTOR ARZATE,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:20-cv-01076-DOC (JDE)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR FAILURE TO STATE A CLAIM |

On February 3, 2020, Plaintiff Victor Arzate, proceeding pro se, filed a Complaint seeking review of a decision of the Commissioner of Social Security and a Request to Proceed In Forma Pauperis ("IFP"). Dkt. 1, 3.

In cases in which a plaintiff is proceeding IFP, the Court has an obligation to dismiss any such case "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2). "A district court may deny leave to proceed [IFP] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (as amended) (per curiam). Dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or the absence of

factual support for such a theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

Judicial review of decisions of the Commissioner of Social Security are governed by 42 U.S.C. § 405(g), which provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Section 405(g) limits district court jurisdiction in a case challenging the denial of social security benefits to reviewing the final judgment of the Commissioner. See Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). "A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Ray v. Colvin, 2014 WL 2154449, at *2 (E.D. Cal. May 22, 2014).

Here, Plaintiff alleges that he has been disabled since January 18, 2009 and purports to challenge a December 2019 decision of the Administrative Law Judge ("ALJ"), but provides virtually no factual support other than stating, "Case Number 3BF01656 Booking 348-38-33 441 Bauchet Room 624 Confidentail I am not a homosecil never been gay [¶] refer to attments the criminal cil numbers." Complaint at 2-4. Attached to the Complaint are sixty-seven pages of attachments, the significance of which is not facially apparent, other than a January 10, 2020 letter from the Social Security Administration reflecting that Plaintiff is receiving monthly Social Security benefits, with a disability entitlement effective date of December 2010. See id. at 55 (CM/ECF pagination). As it appears that Plaintiff is receiving benefits, it is unclear from the face of the Complaint what decision of the Commissioner Plaintiff is

challenging or the basis for his challenge. As currently pled, the Complaint fails to allege facts sufficient to state a claim on which relief may be granted.

Further, Plaintiff names Nancy A. Berryhill as the acting Commissioner, but the proper defendant in an appeal of the administrative decisions of the Social Security Administration would be Andrew Saul, the Commissioner of the Social Security. Any amended complaint should reflect the proper defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing <u>within twenty-one (21) days</u> from the date of this Order, why this action should not be dismissed for failure to state a claim. If Plaintiff desires to stand on the current Complaint, he shall so state and may offer any argument in support of the asserted sufficiency of the Complaint. Plaintiff is advised that if he elects to stand on the Compliant, the undersigned is likely to recommend the dismissal of the Complaint for failure to state a claim upon which relief can be granted.

Instead of filing a response to this Order, Plaintiff may file an amended complaint <u>within twenty-one (21) days</u> of the date of this Order. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the prior complaint or any other pleading, attachment, or document. Plaintiff's First Amended Complaint must clearly identify the final decision at issue and specify the factual allegations that Plaintiff contends support his claim for relief and name the proper defendant. Plaintiff should avoid including unrelated allegations and superfluous attachments.

Alternatively, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to attach a Notice of Dismissal form.</u>

Plaintiff is cautioned that a failure to timely file a response to this Order will result in the Court recommending the dismissal of this action for failure to state a claim, failure to prosecute, and/or comply with a court order. See Fed. R. Civ. P. 41(b).

Dated: February 05, 2020

                                                                                                        /s/ John D. Early
                                          JOHN D. EARLY
                                        United States Magistrate Judge